694

It thus becomes crystal clear not alone that there was a failure to establish that the appellant was a material and necessary witness, but that the presumption arising from the certificate issued by the court of the demanding State was overcome, and a finding to that effect should have been made. General Sessions made no finding that the witness was material and necessary, and, in my view, no inference can be drawn that such a finding is implicit in its order.

I have no doubt that a subpœna *duces tecum* as distinguished from a subpœna *ad testificandum* may properly issue under section 618-a, and I quite agree that we may accept and follow *Matter of Saperstein* (30 N. J. Super. 373) as authority for that general proposition. However, *Saperstein* does not meet the question posed here, for it involved the production of the personal records of the witness. The question of the production of corporate records was not involved.

Both the certificate and the order direct that the witness produce " all information, evidence, books, records, papers, cancelled checks, bank account records, records of payments, correspondence, office memoranda and other documents of the Merritt-Chapman & Scott Corp." (emphasis supplied).

What is required, therefore, are not the personal records of the witness but the records of the corporation.

At the trial in General Sessions the witness was pressed to waive, on behalf of the corporation, its privilege, if any, imposed on the attorney who represented Merritt-Chapman and some of the subcontractors. He refused. Both the certificate and the order appealed from direct the production by this witness, as an individual, of voluminous corporate books and papers. From the papers before us, it is a fair conclusion, that if the appellant produced those records and waived the corporate privilege, his presence would not be required. There is not a scintilla of proof that the appellant had the power or authorization on behalf of Merritt-Chapman to release counsel from his professional obligation.

There is no proof in the record that the corporate papers are in the custody of the appellant, or that he has the power or authority to produce the corporate records. There is no showing that the State of Washington has any statutory provision or decisional authority for the production of corporate records by named individuals without the issuance of a subpœna directed to the corporation. In the absence of such proof, there would be no right to require extraterritorially that which may be impermissible within the borders of the demanding State.

Under the circumstances, I must dissent, and vote to reverse the order of the Court of General Sessions and dismiss the application.

Breitel, J. P., Rabin, McNally and Stevens, JJ., concur in Memorandum; M. M. Frank, J., dissents and votes to reverse the order of the Court of General Sessions and dismiss the application, in opinion.

Order directing the witness appellant to appear before a Grand Jury of Grant County, State of Washington, affirmed.

■ In the Matter of DAVID AYMAN et al., against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK.— Motion by Attorney-General of the State of New York for leave to file a brief *amicus curiæ* granted on condition that movant serves and files its brief *amicus curiæ* with this court on or before April 1, 1960. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ In the Matter of ELLIS JOHNSON et al., against NEW YORK CITY TEACHERS' RETIREMENT BOARD.— Motion by Attorney-General of the State of New York for leave to file a brief *amicus curiæ* granted on condition that movant serves and files its brief *amicus curiæ* with this court on or before April 1, 1960. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Stevens, JJ.